# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     U.S. District Court No.: 2:21-cr-20329
                                            HON. Paul D. Borman

BRANDI HAWKINS,

        Defendant.

---

TIMOTHY J. WYSE
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9144
Timothy.Wyse@usdoj.gov

RANDALL P. UPSHAW (P43574)
Attorney for Defendant
17373 W. Twelve Mile Road
Lathrup Village, Michigan 48076
(248) 569-7776
rp_upshaw@comcast.net

---

## **DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES the Defendant, Brandi Hawkins, by and through her attorney, Randall P. Upshaw, and submits this Sentencing Memorandum regarding her sentencing, with all factors that this Honorable Court should consider in determining the type and length of sentence for Ms. Hawkins.

**I.**   **INTRODUCTION**

Defendant was charged with wire fraud.

In providing facts of Defendant's 40 years, which may have affected her conduct. Defendant was born in a single parent family due to the fact that her father died prior to her birth and lived in a neighborhood that surrounded her with a strong influence toward the wrongs of life. Without a single positive role model to provide guidance, Defendant was easy prey for the surrounding predators. As stated in the presentence report, Defendant's father died prior to her birth and Defendant was placed in the juvenile justice system for shoplifting at age 11 years old. When she was 13 years old, she was raped and abused by a 19-year-old male. Due to Defendants mental deficiencies, depression and lack of support Defendant was vulnerable. Without a support staff or medical treatment Defendant resorted to self-medication. This stigma attached to the young Ms. Hawkins making her feel insecure with significant insecurities.

Defendant's insecurity and depression caused Defendant to suffer greatly in school and teased in the neighborhood. Defendant has six children, three of which have medical issues. Defendant's mother earnings were insufficient to provide Defendant a decent life, support or meet the needs for her. Defendant growing up hungry, residing in government housing, desiring to be accepted and being surrounded by crime became a pawn, mule, or patsy for others. Ms. Hawkins, without any father or leadership from her mother began to suffer from both anxiety and depression. This loss and emptiness caused Defendant to accept the comfort of otherwise unacceptable individuals. Without professional medical help, Defendant began to self-medicate and became a pawn for others, which resulted in being easily influenced, wrongful activities, and being charged in the present case.

**II.     LAW**

A. <u>Sentencing Guidelines Are Only Advisory</u>

The Supreme Court has held that the sentencing guidelines are advisory only, not mandatory. *U.S. V. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). There is **no** legal presumption that the Guidelines sentence should apply. *Rita v. U.S.*, 551 U.S. 338, 127 S.Ct. 2456 (2007); *United States v. Booker*, *supra* at 259-260. The term "advisory" does not mean "slavish application of the Guidelines under the guise of fair 'consideration.'" *U.S. v. Jaber*, 362 F. Supp. 2d 365 (2005).

While district court should begin all sentencing proceedings by correctly calculating applicable Guidelines range, the Guidelines are advisory and are not the only consideration. *Gall v. U.S.*, U.S. Iowa 2007, 128 S.Ct. 586, 552 U.S. 38, 169 L.Ed.2d 445. The district court should consider all the statutory factors to determine whether they support the sentence requested by party. *Id.*, 18 U.S.C. § 3553(A); *Nelson v. U.S.*, S.Ct. 890, 892-893 (2009).

Prior to imposing a sentence, the court must subject the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. See Rules 32(f), (h), (i)(C) and (i)(D); see also *Burns v. United States*, 501 U.S. 129, 136, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991).

District court has authority to impose sentences that are less severe than those recommended by Sentencing Guidelines, and in exercising this authority, court may consider, without limitation, any information about defendant's background, character, and conduct. *U.S. v. Jaroszenko*, C.A.7 (Ill.) 1996, 92 F.3d 486, rehearing denied.

A district judge's decision, under the post-*Booker*, advisory Sentencing Guidelines regime, to impose sentence of probation on defendant whose guidelines would otherwise require a prison sentence, may not be an abuse of discretion if appropriate factors are considered and district court

concludes that the defendant is not going to return to criminal behavior and is not a danger to society.  *Gall v. U.S.* 128 S.Ct. 586, 552 U.S. 38, 169 L.Ed.2d 445 (2007).

Departure from Sentencing Guidelines is appropriate if incarceration would be ineffective for purposes of punishment for deterrence and for supervision for prevention of further crime, and if incarceration would be counterproductive from viewpoint of rehabilitation.  *U.S. v. Neiman*, 828 F. Supp. 254 (1993).

### III.     MITIGATING FACTORS

#### A.     The Guidelines are too harsh.

"The increased prison population is due in large part to longer sentences.  For the same crimes, American prisoners receive sentences twice as long as English prisoners, three times as long as Canadian prisoners, four times as long as Dutch prisoners, five to 10 times as long as French prisoners, and five times as long as Swedish prisoners.  Yet these countries' rates of violent crime are lower than ours, and their rates of property crime are comparable."  *U.S. v. Bannister*, 786 F. Supp. 2d 617 (E.D.N.Y. 2011).  "At or near the root of virtually every serious criticism of the guidelines is the concern that they are too harsh, that federal law requires imposition of prison sentences too often and for terms that are too long … by any standard the severity and frequency of punishment imposed by the federal criminal process during the guideline era is markedly greater than it had been before … the length of imposed sentences has nearly tripled … as a consequence since the 1980s federal inmate populations have increased by more than 600%."  Frank O. Bowman, III, "The Failure of the Federal Sentencing Guidelines:  A Structural Analysis" 105 Colum. L. Rev. 1315 (May, 2005).

The district court "may determine … that in the particular case a within Guideline's sentence is 'greater than necessary" to serve the objectives of sentencing." *Kimbrough v. U.S.*, 552 U.S. 85 (2007), *United States v. Redemann*, 295 F. Supp. 2d 887 (E.D. Wisc. 2003).

In this case, Ms. Hawkins fully acknowledges that she violated the law. Her activity was unlawful and she knowingly aided in the crime. On the other hand, during these transactions she did not use any weapons in the furtherance of her unlawful act, no violence was involved and she did not interfere with or obstruct law enforcement. Defendant admit that she was aware of the crime, but has come forth and is attempting to right her wrong.

B.  The kinds of sentence available.

Defendant prays that this Court exercise its discretion and sentence Defendant sufficient, but not greater than necessary.

IV.  **CONCLUSION**

Defendant has acknowledged her wrongdoing in regard to the instant case and has accepted full responsibility for her actions. She understands that this Court will impose sentence and requests leniency as the Court deems appropriate considering the facts and circumstances in this case she specifically prays that this Honorable Court will consider any sentencing alternatives that may be deemed by the Court to be just and equitable.

                                                Respectfully submitted.

Dated:  October 27, 2021                     /S/ RANDALL P. UPSHAW
                                                        **RANDALL P. UPSHAW (P43574)**
                                                        Attorney for Defendant
                                                        17373 W. Twelve Mile Road
                                                        Lathrup Village MI  48076-2109

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       U.S. District Court No.: 2:21-cr-20329
                                 HON. Paul D. Borman

BRANDI HAWKINS,

        Defendant.

---

TIMOTHY J. WYSE
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9144
Timothy.Wyse@usdoj.gov

RANDALL P. UPSHAW (P43574)
Attorney for Defendant
17373 W. Twelve Mile Road
Lathrup Village, Michigan 48076
(248) 569-7776
rp_upshaw@comcast.net

---

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021, I electronically filed the foregoing pleading with the Clerk of the Court through the CM/EDF System which will send notice of such pleading to all parties of record or to their respective counsel.

Dated:  October 27, 2021                  **/S/ RANDALL P. UPSHAW**
                                                 **RANDALL P. UPSHAW (P43574)**
                                                 Attorney for Defendant
                                                 17373 W. Twelve Mile Road
                                                 Lathrup Village MI  48076-2109
                                                 Telephone: (248) 569-7776
                                                 Fax: (248) 569-5045